THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **CELIA PATRICIA ALVAREZ DE OSSORIO,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | Case No. CIV-19-194-R |
| **WILLIAM P. BARR, United States Attorney General, et al.** | ) ) ) ) | |
| **Defendants.** | ) ) | |

## ORDER

Before the Court is the Motion to Dismiss (Doc. No. 20) filed by Defendants. Plaintiff responded in opposition to the motion (Doc. No. 21) and Defendants filed a Reply in support of their position (Doc. No. 22). Upon consideration of the parties' submissions, the Court finds as follows.

Ms. Alvarez de Ossorio, a non-citizen and resident of Bolivia, was married to Rene Ossorio Pizarroso, a United States citizen, at the time of his death on July 3, 2015. Two years and eighteen days later, on July 21, 2017, Plaintiff filed a Form I-360, Petition for Amerasian, Widow(er) or Special Immigrant, seeking permanent resident status. (Doc. No. 20, p. 4).[1] On February 1, 2018, US Citizenship and Immigration Services (USCIS) denied the I-360 petition because Plaintiff failed to demonstrate eligibility to be classified as a widow of a United States citizen, which required proof that: (1) she was married to a U.S. citizen who was now deceased who was a U.S. citizen at the time of his death; (2) that her

---

[1] 8 U.S.C. § 1154 allows an eligible widow or widower of a United States citizen to qualify for permanent resident status under certain circumstances. It is those circumstances that are at issue in this case.

citizen spouse had died less than two years before she filed her petition; (3) that she was not legally separated from the citizen spouse at the time of his death; and (4), that she had not remarried. Specifically, USCIS found that Plaintiff failed to prove that Mr. Pizarroso died less than two years prior to her filing of the I-360 Petition.

Ms. Alvarez de Ossorio appealed to the Bureau of Immigration Appeals (BIA) requesting that the BIA toll the statutory two-year deadline. (Doc. No. 20-1, p. 8) Plaintiff argued that depression as a result of the death of her spouse combined with the inability to obtain aid from United States consular personnel, despite efforts to obtain assistance, prevented her from timely filing her I-360. The BIA dismissed her appeal on November 2, 2018, stating:

> The petitioner's appeal from the denial of the visa petition will be dismissed. Under the laws of the United States, a surviving spouse of a citizen of the United States may be classified as an immediate relative pursuant to section 201(b)(2)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1151(b)(2)(A)(i), provided, *inter alia*, the surviving spouse files a visa petition within 2 years of the citizen spouse's death. The record reflects that the instant visa petition was filed more than 2 years after the citizen spouse's death. Therefore, we must find that the petitioner has not satisfied the filing requirements of the Act. Accordingly, the following order will be entered.
> ORDER: The appeal is dismissed.

(Doc. No. 3, p. 12).[2] Plaintiff's Amended Complaint requests that the Court set aside the decisions of the USCIS and the BIA, declare that the two-year statutory deadline set forth in § 201 of the Immigration and Nationality Act is subject to equitable tolling, and that she

---

[2] 8 U.S.C. § 1151(b)(2)(A)(i) provides, in pertinent part:
> For purposes of this subsection, the term "immediate relatives" means the children, spouse and parents of a citizen of the United States. . . . In the case of an alien who was the spouse of a citizen of the United States and was not legally separated from the citizen at the time of the citizen's death, the alien(and each child of the alien) shall be considered, for purposes of this subsection, to remain an immediate relative after the date of the citizen's death but only if the spouse files a petition under section 1154(a)(1)(ii) of this title within 2 years after such date and only until the date the spouse remarries.

is entitled to equitable tolling. She requests that the Court compel the USCIS to approve her I-360 Petition or remand the matter to the USCIS.

Plaintiff brings this action under the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706. In reviewing a final agency decision, the Court will set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A).[3] The Court's review of the agency's legal conclusions is *de* novo; factual findings must be supported by substantial evidence. *See BNSF R. Co. v. U.S. Dep't of Labor*, 816 F.3d 628, 638 (10th Cir. 2016).

The parties agree that there is no relevant caselaw that dictates the outcome herein but argue opposing points. Defendants contend that § 201 of the INA does not permit equitable tolling of the two-year deadline or, alternatively, that if it does, Plaintiff did not submit sufficient materials to the BIA so as to permit the Board to conclude that she was entitled to equitable tolling. Plaintiff argues that equitable tolling is possible because the two-year provision of § 201 is a non-jurisdictional statute of limitations and further, that she did establish that despite due diligence she nevertheless missed the two-year deadline, through no fault of her own.[4]

---

[3] The decision of the Board of Immigration Appeals is the final agency decision for purposes of the APA. *Diallo v. Gonzales*, 447 F.3d 1274, 1279 (10th Cir. 2006). The Court could consult the USCIS's decision for the grounds in the BIA's decision. *See Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006) (noting this court may consult an immigration judge's decision for a "more complete explanation" when reviewing a brief order issued by the BIA affirming the immigration judge). Here, however, Plaintiff did not raise the issue of equitable tolling before the USCIS, and therefore its decision offers no insight into the final agency action.

[4] In support of her contention that equitable tolling should have been granted, Plaintiff presented evidence not submitted to the USCIS or the BIA. "Judicial review of agency action is normally restricted to the administrative record." *Citizens for Alternatives To Radioactive Dumping v. U.S. Dep't of Energy*, 485 F.3d 1091, 1096 (10th Cir. 2007). Courts may permit supplementation and consider extra-record evidence in "extremely limited circumstances." *Id*. Plaintiff does not establish that those limited circumstances apply in this case; however, because the Court concludes remand is proper to permit the agency to consider whether Plaintiff has established that she is entitled to equitable tolling, the Court need not assess whether Plaintiff established a basis for the submission of extra-record evidence.

This case turns on the BIA's interpretation of the requirement that a widow or widower file a petition under § 1154(a)(1)(A)(ii) within two years of the death of a citizen spouse, a purely legal question that does not implicate the discretionary authority of the Board. *See Pinho v. Gonzalez,* 432 F.3d 193, 204 (3d Cir. 2004).[5] The parties do not dispute that the BIA denied the Form I–360 petition because Mr. Ossorio Pizarroso died more than two years before Plaintiff sought statutory protection. The issue is whether the Board erred in failing to consider the possibility of equitable tolling of that two-year period.[6] The Court finds that it did and further finds that remand is the appropriate remedy.

Although not directly on point, in *Moreno-Gutierrez v. Napolitano,* 794 F. Supp. 2d 1207 (D. Colo. 2011), the court considered whether the Department of Homeland Security via the Administrative Appeals Office ("AAO") should have considered the propriety of equitable tolling with regard to a similar two-year period under 8 U.S.C. § 1154 and the Violence Against Women Act. Moreno-Gutierrez was a citizen of Mexico married to a lawful permanent resident of the United States. Her spouse, the lawful permanent resident, was convicted of domestic abuse against Ms. Moreno-Gutierrez on two occasions, resulting in an order of removal and loss of his lawful permanent resident status.

Two years and five days after her spouse lost his status, Ms. Moreno-Gutierrez filed an I-360 petition for classification as a battered spouse of a lawful permanent resident. *See* 8 U.S.C. § 1154(a)(1)(B)(ii)(II)(aa)(CC)(aaa). In the filing, her attorney acknowledged the

---

[5] *See also* 8 C.F.R. § 204.2(b)(1)(ii)(setting out two-year limit for filing petition after death of citizen spouse).
[6] Defendants argue that the BIA appropriately considered the issue, which was not presented to the USCIS. The Court is unable to discern whether the BIA considered the issue because its order is devoid of any reference to it. The Court cannot determine if the BIA considered the issue and rejected the theory that equitable tolling could apply under any circumstances or concluded Plaintiff failed to meet her burden.

petition was late and accepted fault for the error. The USCIS denied the petition because it was not accompanied by the appropriate filing fee; plaintiff re-submitted the petition on August 31, 2006 with the same explanation for its untimeliness. The USCIS denied the petition on the grounds that it was untimely, concluding there were no exceptions to the statutory two-year deadline. A motion to reopen and reconsider failed and thereafter Ms. Moreno-Gutierrez pursued an unsuccessful appeal to the Administrative Appeals Office. The AAO concluded that Plaintiff had not established ineffective assistance of counsel and that the two-year period was a statute of repose, not subject to tolling.[7]

The District Court disagreed with the AAO's conclusion that equitable tolling did not apply. The requirements for an I-360 self-petition as a battered spouse include a two-year requirement similar to that contained in § 1151 and applicable here. For purposes of the VAWA, an alien seeking lawful permanent resident status must establish, among other criteria, that he or she was a "bona fide" spouse of a lawful permanent resident within the past two years whose spouse lost his or her status within the past two years as a result of domestic violence. *See* 8 U.S.C. § 1154(a)(1)(B)(ii)(II)(aa)(CC)(aaa).

The District of Colorado concluded that assessment of the equitable tolling issue did not require agency expertise and that *Chevron* deference did not apply. 794 F. Supp. 2d at 1211. "Whether an alien meets the temporal requirements for obtaining immigration relief 'is purely [a] legal question and does not implicate agency discretion.'" *Id. (quoting Pinho v. Gonzales*, 432 F.3d 193, 204 (3d Cir. 2005)). "[T]he issue is how Congress

---

[7] The AAO also concluded that, even if equitable tolling applied, the plaintiff had not shown due diligence.

intended the statute to function and the temporal reach of the statute, neither of which involve special agency expertise." *Id.* (citation omitted).

Defendants acknowledge the distinction between a statute of repose and a statute of limitations and argue the two-year limit here is a condition of eligibility, not subject to equitable tolling. The cases upon which Defendants rely, however, are distinguishable. In *Iacono v. Office of Personnel Management*, 974 F.2d 1326, 1328 (Fed. Cir. 1992), the court upheld the denial of an annuity to the former spouse of a deceased federal employee because she had failed to file on or before May 7, 1989, the finite deadline established by Spouse Equity Act.

> The statutory deadline at issue here is similar to a statute of limitations in but one respect: both function as filing deadlines. However, the statutory deadline in the Spouse Equity Act does not await a specific event to start the deadline clock, as typically does a statute of limitation. Rather, the 1989 deadline served as the endpoint of the definite time period in which Congress would permit a specific class of potential annuitants to file their applications. *See Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* 501 U.S. 350, ——, 111 S.Ct. 2773, 2782, 115 L.Ed.2d 321 (1991) (where the purpose of a time limitation is to serve as a cutoff, equitable tolling principles do not apply to that period). Thus, the filing deadline in the Spouse Equity Act functions as a condition defining and closing the class.

*Id.* at 1328. Similarly, in *Balam-Chuc v. Mukasey*, 547 F.3d 1044 (9th Cir. 2008), the court considered the Legal Immigration Family Equity Act ("LIFE Act"), which provided a method for a spouse or minor child of a lawful permanent resident to apply more quickly for an immigrant visa. *Id.* at 1046. The relevant version of the statute had been amended to "expand the class of beneficiaries who could apply for adjustment of status under INA § 245(i). Among other things, Congress moved the deadline for filing a visa petition from January 14, 1998, to April 20, 2001, for all aliens present in the United States as of the

6

statute's date of enactment." *Id.* (*citing* 8 U.S.C. § 1255(i)). Again, the statute included a definite deadline that the court ruled was not entitled to tolling.

In contrast, the Court's review of § 1151 and its relevant history reveals no indication that Congress intended to create a finite and entirely inflexible deadline for applications by widows of citizens.[8] Although the statute uses the phrase "but only" the Court does not find this language sufficiently emphatic so as to support the Government's contention that equitable tolling is not available under the appropriate circumstances.[9] *See e.g. United States v. Brockamp,* 519 U.S. 347 (1997)(concluding that statute of limitations for submitting administrative refund claim for overpayment by taxpayer not subject to equitable tolling in light of emphatic language and detailed timing scheme set forth in the relevant statute).

Defendants argue that if the Court concludes equitable tolling should have been considered by the BIA, the Court can nevertheless dismiss this action because Plaintiff's presentation at the administrative level did not demonstrate that she is entitled to equitable tolling. The Court finds that the agency should be given the opportunity to consider the propriety of equitable tolling under the circumstances here in the first instance.

> That rule is to the effect that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is

---

[8] For aliens whose spouses died prior to the FY 2010 DHS Appropriations Act and who had not been married two years at the time of the death of their citizen spouse, § 1151 provided a definite deadline for seeking immediate relative status: two years after the October 28, 2009 effective date of the Act. This provision is similar to the provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which when enacted created for the first time a statute of limitations period for the filing of a § 2254 action or a motion under § 1155. Persons convicted before the effective date of the statute were given one year from its enactment while those persons convicted thereafter are constrained by a statute of limitations period that runs for one year and generally begins on the date a conviction becomes final. *See* 28 U.S.C. §§ 2244(d), 2255(f).

[9] As noted by the Defendants, equitable tolling is available in limited circumstances and requires both extraordinary circumstances beyond Plaintiff's control and due diligence. The limited scope of equitable tolling alleviates Defendants' perceived concerns that the deadline could become elastic.

> authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis. To do so would propel the court into the domain which Congress has set aside exclusively for the administrative agency.

*Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947). "[T]he proper course, except in rare circumstances, is to remand [a matter] to [an] agency for additional investigation or explanation." *Gonzales v. Thomas*, 547 U.S. 183, 186 (2006)(per curium)(quotation marks and citation omitted). Given that the remaining issue is factual rather than legal, that is, did Plaintiff have sufficient evidence to support a finding of equitable tolling, the Court finds that the unresolved issue requires remand for review of the issue that the BIA did not consider.

For the reasons set forth herein, Defendants' Motion to Dismiss is DENIED. However, because the Court finds that the Board of Immigration Appeals improperly failed to consider whether Plaintiff has provided sufficient evidence to establish that the two-year period in § 1151(b)(2)(A)(i) should have been tolled for eighteen days, the matter is remanded for consideration of this issue.

**IT IS SO ORDERED** this 25th day of February 2020.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE